IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JAMES GRASS,

    Plaintiff,

v.                                             Civil Action No. 1:10cv52
                                                         (Judge Keeley)

DAVID PROCTOR, DO,
WEXFORD HEALTH SOURCES, INC.,
ADRIAN HOKE, Warden, and
TRISTIAN TENNEY, RN,

    Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE**

After failing to convince officials within the West Virginia Division of Corrections ("DOC") that he suffered from various skin conditions requiring use of special products, as well as an exemption from the DOC's ban on beards, the pro se prisoner plaintiff, James Grass ("Grass"), sued the defendants, David Proctor, DO ("Proctor"), Wexford Health Sources, Inc. ("Wexford"), Tristian Tenney, RN ("Tenney"), and Adrian Hoke, Warden ("Hoke"), pursuant to 28 U.S.C. § 1983 for alleged violations of his civil rights. On October 20, 2010, United States Magistrate Judge James E. Seibert entered a Report and Recommendation ("R&R") that recommended Grass's case be dismissed with prejudice. The R&R further recommended that the Court deny Grass's several motions for injunctive relief and motions to amend. In addition, the R&R

recommended that Grass be granted leave to amend his complaint to add as a defendant Commissioner Jim Rubenstein ("Rubenstein"), but that Rubenstein then be dismissed with prejudice <u>sua</u> <u>sponte</u>.

Grass filed objections to the R&R on October 27, 2010. For the reasons that follow, the Court **ADOPTS** the R&R (dkt. 74) in its entirety.

## I. CASE HISTORY

Grass filed suit after Proctor determined Grass did not qualify for a "no-shave permit" exempting him from the DOC's regulation requiring male inmates to remain clean-shaven. Grass claims he suffers from pseudofolliculitis barbae ("PFB"), a painful skin condition that occurs in some individuals after shaving. After consulting with other members of the medical staff, however, Proctor determined that Grass did not suffer from PFB or from any other condition justifying a no-shave permit. Grass further alleges that Proctor denied him liquid Dial shower soap to address a dry skin condition, as well as T-Gel shampoo to address dandruff. Again, Proctor determined that such special accommodations were unnecessary.

## II. GRASS'S OBJECTIONS

Grass specifically addressed the following issues in his objections to the R&R:[1]

- "Plaintiff has asserted a proper claim for deliberate indifference by defendant David Proctor DO;"

- "Plaintiff has also asserted a valid claim for the violation of plaintiff's 8th Amendment rights;"

- "Plaintiff is not a lawyer and cannot properly assert certain defenses. Plaintiff was denied [appointment] of counsel in this matter;" and

- "Plaintiff should be granted the right to appear in court to properly and adequately present his case to the Court due to rights being violated."

(Dkt. 76.) The Court will conduct a de novo review of each of these objections in turn.

### A. Deliberate Indifference/Eighth Amendment Claims

Grass's objections assert that he has stated a valid claim for deliberate indifference against Proctor, and also has asserted a

---

[1] The Court reviews each aspect of the R&R to which Grass objects de novo, but may accept, without explanation, those portions of the R&R to which no specific objection is made. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003).

general claim for a violation of his Eighth Amendment rights. As to this latter objection, although his deliberate indifference claim rests on an alleged violation of his Eighth Amendment rights, he does not specify which defendant or defendants he believes are culpable under the Eighth Amendment. Therefore, in order to give Grass the benefit of the doubt, the Court will review this claim as though asserted against all defendants.

As to defendant Wexford, the Magistrate Judge correctly found that Wexford is not a "person" subject to liability under § 1983 and should be dismissed. He further found that the record establishes that Grass does not currently suffer from any skin condition requiring treatment, a no-shave permit or special products, a fact confirmed by the record. There is no evidence that Grass requires any of the special accommodations he seeks in this suit. Furthermore, DOC officials have dutifully examined him; they have not ignored his complaints.

**B. Denial of Appointed Counsel and Request for Hearing**

Grass claims that the Magistrate Judge's denial of his motion for appointment of counsel has prevented him from properly asserting his claims in this action. Grass sought counsel in order to defend against the defendants' anticipated qualified immunity

defense. Because it is unnecessary to determine whether the defendants are in fact qualifiedly immune in order to resolve this case, Grass cannot establish that this action is so complex as to justify the appointment of counsel.

Similarly, Grass raises no specific reason for requesting a hearing before the Court rules on the merits of his case. The issues presented have been adequately developed in the parties' pleadings, motions and memoranda, and a hearing would be futile in the face of the clear inadequacy of Grass's claims.

### III. MOTIONS TO AMEND AND FOR INJUNCTIVE RELIEF

Magistrate Judge Seibert recommended that the Court deny Grass's motion to amend his complaint (dkt. 73) seeking to add new claims against Proctor for allegedly denying him the privilege to keep medications on his person. Although Grass apparently completed the administrative process regarding these claims, he did so only after instituting this action. Similarly, Grass has not shown that he has exhausted his administrative remedies as to the allegations in his motion to amend filed on September 22, 2010 (dkt. 69). The Magistrate Judge therefore correctly determined that these motions should be denied. Grass must address these claims, it at all,

through the DOC's administrative grievance process, and must exhaust these remedies before he may file an action based on them.

Magistrate Judge Seibert also recommended that as a matter of course the Court grant Grass's motion to amend seeking to add Rubenstein as a defendant, but further recommended that the Court dismiss Rubenstein sua sponte because, as a matter of law, Grass cannot state a claim against him. Grass's motion alleged that Rubenstein, in his official capacity as Commissioner of the DOC, was liable for the other defendants' conduct because he exercises supervisory authority over them. However, he failed to allege any facts supporting a § 1983 claim against Rubenstein. Finally, the R&R recommended that Grass's various motions for preliminary injunctive relief be denied.

Grass did not object to these portions of the R&R, and the Court therefore **ADOPTS** the recommendations in the R&R and **DENIES** his motions to amend and for preliminary injunctive relief.

## CONCLUSION

As discussed above, the Court **ADOPTS** the R&R (dkt. 74) in full and:

**GRASS V. PROCTOR, et al.**                                          1:10CV52

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING CASE WITH PREJUDICE

1)     **GRANTS** the motion to dismiss (dkt. 34) filed by defendants David Proctor, DO, Wexford Health Sources, Inc., and Tristian Tenney, RN,;

2)     **GRANTS** the motion to dismiss (dkt. 28) filed by defendant Adrian Hoke, Warden.

3)     **GRANTS** Grass's motion to add Commissioner Jim Rubenstein (dkt. 26) as a defendant;

4)     **DISMISSES** Rubenstein as a defendant as any claim against him would be unsupported;

5)     **DENIES** Grass's motions for preliminary injunction (dkts. 10, 27, 31, 46 and 65);

6)     **DENIES** Grass's motions to amend his complaint (dkts. 69 and 73); and

7)     **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to strike this case from the active docket, enter a separate judgment order, and transmit copies of both orders to counsel of record and to the pro se plaintiff via certified mail, return receipt requested.

Dated: December 20, 2010.

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DISMISSING CASE WITH PREJUDICE**

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE